**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| MARK OTIS BOATWRIGHT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO.  5:05-CV-299 (DF) |
| | : | |
| | : | |
| LIEUTENANT WILLIAMS et al., | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION OF DISMISSAL

*Pro se* prisoner plaintiff **MARK OTIS BOATWRIGHT** filed the above-styled complaint pursuant to 42 U.S.C. § 1983.  He seeks leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. Based on plaintiff's submissions, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee as hereinafter directed.  28 U.S.C. § 1915(b)(1).

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

1

## I.  STANDARD OF REVIEW

### A.  28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id.* at 327; *See also* ***Clark v. Georgia Pardons & Paroles Bd.,*** 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B.  General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint that defendants through various actions conspired to deprive him of his constitutional rights. His allegations against the individual defendants are set forth and considered more fully below. Plaintiff seeks *inter alia*, one zillion dollars in damages.

## III. RECOMMENDATION OF DISMISSAL

### A.    *John Doe, Baldwin County District Attorney and Lieutenant Williams*

Plaintiff asserts that the Baldwin County District Attorney, who plaintiff identifies as John Doe, and Lieutenant Williams denied plaintiff his constitutional rights by conspiring to convict him of charges manufactured against him. However, prosecutors are absolutely immune from liability under § 1983 for acts or omissions associated with the judicial process in a criminal case. ***Imbler v. Pachtman***, 424 U.S. 409, 430-31, (1976); ***Elder v. Athens-Clarke County, Georgia***, 54 F.3d 694, 695 (11th Cir. 1995). Absolute immunity is essential in order that prosecutors can perform their duties without harassment or intimidation. ***Imbler*** at 424-25. Plaintiff allegations do not set forth any acts of defendant John Doe District Attorney that are outside the scope of his prosecutorial duties; therefore, defendant John Doe, Baldwin County District Attorney is absolutely immune from liability. Further, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a claim or to show a violation of § 1983. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). Plaintiff has failed to support his allegations that the defendants John Doe, Baldwin County District Attorney and Lieutenant Williams were engaged in a conspiracy to violate his constitutional rights. Accordingly, the undersigned **RECOMMENDS** that plaintiff's claims against defendant John Doe, Baldwin County District Attorney and Lieutenant Williams be **DISMISSED** and that said parties be terminated as a defendants herein.

>   B.   *John and Jane Doe, Auto Owners Insurance; John and Jane Does, Shaw Industries Security, Jane Doe Operators/Supervisors Shaw Industries, Anne Patterson, Bennie Patterson, Wylene Smith, John Doe, Uncle, John Doe, Nephew*

Plaintiff has failed to satisfy the general requirements for a § 1983 complaint against these named defendants because he has not shown that the deprivation of his constitutional rights was committed by a person acting under color of state law.  The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state.  *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 49 (1988).  The dispositive question is whether a defendant was acting pursuant to the power he possessed by state authority or whether he was acting only as a private individual.  *Edwards*, 49 F.3d at 1523, *quoting* *Monroe v. Pape*, 365 U.S. 167, 184 (1961).  Plaintiff has not claimed that the above-named defendants are state employees or possessed power by virtue of their relationship with the state.  Thus, he has failed to state a claim under § 1983.

Plaintiff alleges in his complaint that the above-named defendants engaged in a conspiracy to deny plaintiff's constitutional rights.  A private citizen in some cases may be found to be a state actor for purposes of § 1983 where he has acted in concert with state actors.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 n.6 (1981).  However, plaintiff must show that defendants and the state defendants "reached an understanding" or had a "meeting of the minds" in order to support a claim that his constitutional rights have been violated.  *Dennis v. Sparks*, 449 U.S. 24 (1980); *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir. 1984), *vacated*, 776 F.2d 942 (11th Cir. 1985), *reinstated*, 783 F.2d 1000 (11th Cir. 1986).  Merely demonstrating that state actors took certain actions in response to a decision made implicated by alleged perjury committed by a private citizen does not support an allegation that a conspiracy existed between the state actors and the private citizen.  *Rendell-Baker,* 457 U.S. at 843.  Therefore, the undersigned **RECOMMENDS** that the claims against defendants John and Jane Doe, Auto Owners Insurance; John and Jane Does, ShawIndustries Security, Jane Doe Operators/Supervisors Shaw Industries, Anne Patterson, Bennie Patterson, Wylene Smith, John Doe, Uncle, John Doe, Nephew be **DISMISSED** and that said parties be terminated as defendants herein.

### C. Bill Massee, Baldwin County Sheriff

A plaintiff cannot prevail under § 1983 based solely on a theory of *respondeat superior*. ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986). In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation. ***Cotton v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003); ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir. 1999). The plaintiff must also allege deprivation of rights by individual employees in their official capacity. ***Kentucky v. Graham***, 473 U.S. 159, 166 (1985); ***Patrick v. Floyd Med. Ctr.***, 201 F.3d 1313, 1316 (11th Cir. 2000); ***McLaughlin v. City of LaGrange***, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that Sheriff Bill Massee was actually involved in or exercised control or direction over the constitutional deprivation alleged in this case. Therefore, **IT IS RECOMMENDED** that the claim against defendant Bill Massee be **DISMISSED** and that said party be terminated as a party herein.

### D. Baldwin County and Georgia Department of Corrections Governing Board

A plaintiff proceeding under § 1983 is limited with respect to whom he may sue. A state and its agencies are not "persons" who may be sued under § 1983.[1] ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989). Thus, Baldwin County and the Georgia Department of Corrections Governing Board are not "persons" who may be sued under § 1983. In addition. the Eleventh Amendment bars a plaintiff's § 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief. ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir. 1989); ***Miller v. King***, 384 F.3d 1248, 1259-60 (11th Cir. 2004).

---

[1] 42 U.S.C. § 1983 provides in part:
Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (Emphasis added)

For these reasons Baldwin County and the Georgia Department of Corrections Governing Board must be dismissed from this action**.  IT IS SO RECOMMENDED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to the foregoing **RECOMMENDATION**S with United States District Judge to whom this case is assigned by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve a copy of this Order and Recommendation upon the plaintiff at the **LAST ADDRESS** provided by him.

SO ORDERED AND RECOMMENDED, this 30th day of November, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE