# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MARK OTIS BOATWRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:05-CV-299 (CAR) |
| | : | |
| LIEUTENANT LEE WILLIAMS et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 9] that Plaintiff's § 1983 complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state claims against the named Defendants. Plaintiff filed an Objection [Doc. 11] to the Recommendation seeking leave to amend his Complaint. Having carefully considered the Recommendation, Plaintiff's Objection, the proposed amendments to the Complaint, and the relevant case law, the Court agrees with the Recommendation that Plaintiff's Complaint should be DISMISSED. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Objection to the Recommendation, Plaintiff agrees that the dismissal of the following Defendants is proper: JOHN AND JANE DOE, AUTO OWNERS INSURANCE; JANE DOE AND JANE DOE, OPERATOR AND SUPERVISOR OF SHAW INDUSTRIES; ANNE PATTERSON; BENNIE PATTERSON; WYLENE SMITH; JOHN DOE, UNCLE; JOHN DOE, NEPHEW; and STATE AGENCIES, BALDWIN COUNTY and the GEORGIA DEPARTMENT OF

CORRECTIONS. However, Plaintiff objects to the dismissal of Lieutenant Lee Williams,[1] Sheriff Bill Massee, District Attorney Carl S. Carsia, and John and Jane Doe of Shaw Industries Security. Plaintiff filed amendments to his Complaint regarding these Defendants, but Plaintiff's amendments also fail to state claims against them.

### I. Lieutenant Lee Williams, Baldwin County Sheriff's Deputy and Bill Massee, Baldwin County Sheriff

In his amended Complaint, Plaintiff alleges that Lt. Williams falsely arrested him on November 18, 2000,[2] and Sheriff Massee provided inadequate training to Lt. Williams which resulted in Plaintiff's false arrest. Plaintiff's claims, however, are barred by the statute of limitations. The statute of limitations for § 1983 claims is measured by what the forum state provides for personal-injury torts. Wallace v. Kato, — U.S. —, 127 S.Ct. 1091, 1094 (2007). Thus, the statute of limitations in this case is two years. See O.C.G.A. § 9-3-33. The statute of limitations for these claims began to run when Plaintiff appeared before the examining magistrate and was bound over for trial. See Wallace, 127 S.Ct. at 1097. According to Plaintiff's Objection, Plaintiff was tried in 2001. Plaintiff initiated this § 1983 action on August 22, 2005, well after the two year statute of limitations had run. Therefore, Plaintiff's claims against LT. LEE WILLIAMS and SHERIFF MASSEE are **DISMISSED**.

---

[1] In his Objection, Plaintiff refers to this Defendant as Williamson instead of Williams.

[2] Plaintiff lists his arrest date as November 18, 2002, in his Objection. The year 2002 must be in error because Plaintiff listed his arrest date as November 18, 2000, in his original complaint [Doc. 1, 7], and Plaintiff's trial was held in 2001.

2

### II. Carl S. Carsia, Baldwin County District Attorney

The United States Magistrate Judge recommended dismissal of Plaintiff's conspiracy claims against Defendant Carsia, finding Carsia immune from suit under the doctrine of prosecutorial immunity. In his Objection, Plaintiff voices his disagreement with this finding and further alleges that Carsia violated Plaintiff's constitutional right to be free of double jeopardy.

Even with the additional claim of double jeopardy, the Court agrees with the Recommendation that Carsia has prosecutorial immunity. The 11th Circuit has held that "[i]f prosecutorial immunity means anything, it means that prosecutors who take on the thankless task of public prosecution [are] not answerable to every person wrongfully prosecuted who can find a lawyer willing to allege that the prosecutor filed charges in bad faith, or for evil motives, or as a conspirator." Elder v. Athens-Clarke County, Georgia, 54 F.3d 694, 695 (11th Cir. 1995); see also Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). Plaintiff's claims against CARL S. CARSIA are **DISMISSED**.

### III. John and Jane Doe, Shaw Industries Security

Finally, the Court finds that Plaintiff's amended claims against John and Jane Doe of Shaw Industries Security merely reiterate his original claims alleging that John and Jane Doe, acting under color of state law, conspired with state officials against Plaintiff. Thus, as with his original claims against these Defendants, Plaintiff's

amended claims fail to establish that John and Jane Doe acted under color of state law. Therefore, Plaintiff's claims against JOHN AND JANE DOE, SHAW INDUSTRIES SECURITY are **DISMISSED**.

Accordingly, the United States Magistrate Judge's Recommendation [Doc. 9] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 7th day of August, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT  
MIDDLE DISTRICT OF GEORGIA

JRL/SSH